IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS P. GRANDINETTI, | ) | CIV. NO. 07-000488 SOM-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| vs. | ) | PURSUANT TO 28 U.S.C. § 1915 |
| | ) | AND DENYING MOTION FOR |
| CLAYTON A. FRANK, et al., | ) | TEMPORARY RESTRAINING ORDER; |
| | ) | AND TERMINATING ACTION |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT PURSUANT TO
28 U.S.C. § 1915 AND DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER; AND TERMINATING ACTION**

Francis Grandinetti[1] is a Hawaii inmate currently incarcerated in the Saguaro Correctional Center, located in Eloy, Arizona.  Before the court is another of Grandinetti's pro se prisoner civil rights actions and a motion for temporary restraining order.  To date, Grandinetti has filed at least seventy-six actions in the United States courts since 1996, many of them in this court.  *See* U.S. Party/Case Index, PACER Service Center, http://pacer.psc.uscourts.gov. ("Pacer").  At least three or more of these actions were dismissed as frivolous or as failing to state a claim.[2]  Grandinetti has neither submitted an

---

[1] Although Grandinetti labels himself a "Fugitive on Extradition Status" and calls himself Francis *P*. Grandinetti in his caption, in his return address he calls himself Francis Anthony Grandinetti, II.  To avoid confusion, the court refers to him as Grandinetti.

[2] *See e.g.*, *Grandinetti v. U.S. Marshals Serv.*, Civ. No. 00-00489 SOM-KSC (D. Haw. Aug. 1, 2001) (§ 1983 case dismissed for failure to state a claim); *Grandinetti v. Bobby Ross Group Inc., et al.*, Civ. No. 96-00117 (E.D. Tex. Mar. 5, 1999) (§ 1983 case

in forma pauperis application nor paid the $350 statutory filing fee for instituting this action. The court DISMISSES the complaint and action for failure to state a claim and DENIES the request for a temporary restraining order.

## I. BACKGROUND

Grandinetti captions the present action as an "Imminent Injury Case, PLRA § 1915(g)" and as a "Class Action Case." He also titles the document "Pro Se Plaintiff's Complaint of Unlawful Extradition and PSD-Hawaii Arrest on FTC Status." As Defendants, Grandinetti names Clayton A. Frank, Director of Hawaii's Deputy of Public Safety ("DPS"), and DPS Deputy Directors David F. Festerling (Administration), Tommy Johnson (Corrections), and James L. Propotnik (Law Enforcement).

As is the norm for Grandinetti's filings, this complaint and motion are not models of clarity. Grandinetti alleges that, on July 17, 2007, DPS arrested and "extradited" him and assigned him to "a federal-contract facility and Federal Transfer Center (FTC)." (Comp. 2, Claim I.) Grandinetti is apparently referring to his recent transfer from the private

---

dismissed as frivolous and for failure to state a claim); *Grandinetti v. Iranon, et al.*, Civ. No. 96-00101 (E.D. Tex. Jan. 26, 1998) (§ 1983 case dismissed as frivolous and for failure to state a claim); *Grandinetti v. Iranon, et al.*, Civ. No. 96-00118 (E.D. Tex. Jul. 20, 1998) (§ 1983 case dismissed as frivolous); *Grandinetti v. Bauman*, Civ. No. 07-00089 ACK-LEK (D. Haw. Feb. 28, 2007) (noting prior dismissals for frivolousness and dismissing case for failure to state a claim); *Grandinette v. Bush*, Civ. No. 06-2052 (W.D. Ark. Jun. 14, 2006) (same).

prison in Tutwiler, Mississippi, run by the Corrections Corporation of America ("CCA"), to its new facility in Eloy, Arizona. The State of Hawaii contracts with CCA to hold some Hawaii prisoners in out-of-state CCA facilities because in-state DPS facilities are full.

Plaintiff alleges that he traveled by motor coach and airplane from Mississippi to Tennessee, then to Arizona, and then to "federal contractor facilities," and argues that the "Federal Interstate Compact law" governs this action. (*Id.* Claim II.) He makes no claims relating to any constitutional violations occurring during his transfer.

Grandinetti has already accrued three strikes and may not proceed in forma pauperis without allegations of imminent danger of serious physical injury. See § 1915(g). Apparently for that reason, he states that he has timely "imminent injury" claims involving injuries that either have recently occurred or were occurring between July 17, 2007, the date of his transfer, to September 17, 2007, the date he seems to have sent this complaint to this court. (Comp. 2.) He states that he has "numerous bodily injuries (hernia, ruptured testicle, dislocated left arm, dental injuries, maced eyes/some vision loss, a T.B. positive skin test; and a positive testing for Hepatitis B in

2005.)[3] Lice, scabbies [sic], acne, and paleness, on the skin surfaces." (Comp. 3.) Grandinetti says that, although he was interviewed and examined on his arrival in Arizona by a medical doctor, a nurse, and a psychiatrist, and he "promptly presented" his imminent injury claims to these medical personnel, he has been prevented from filing a police or F.B.I. report, or making what he calls a "Miranda" phone call. He also claims that "[d]uring the past 60 days, these BMT injuries were not examined, treated, reported to police, or verified at a public or a major hospital in Arizona." (*Id.*) Grandinetti states that these injuries are due to his "FTC" status, his housing in administrative segregation under protected custody, and "BMT, STG, and MHU" programming by Hawaii DPS officials and CCA officials between 2004 and 2007 in Tutwiler, Mississippi. (*Id.*)

Grandinetti seeks a temporary restraining order, although he does not state exactly what relief he seeks by this order. He also requests leave to file the complaint and an in forma pauperis application and to then be allowed to proceed in forma pauperis.

---

[3] Grandinetti first raised these alleged injuries in a 2005 case he filed with this court. See *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS. In that case, Grandinetti alleged that another inmate sexually assaulted him in January 2005, resulting in liver, kidney, and testicle damage, and infection with Hepatitis B. (Comp. 2 ¶ 3.) He then alleged that prison staff beat and maced him, resulting in a dislocated arm and vision problems. (*Id.* 4.)

**II. STANDARDS**

A.   <u>28 U.S.C. § 1915 Screening</u>

Federal courts must screen all cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt.  *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001).  "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d. 1122, 1126 (9th Cir. 2000) (en banc).

B.   <u>28 U.S.C. § 1915(g)</u>

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The court must consider prisoner actions dismissed prior to, as well as after, the statute's enactment, so long as the action was dismissed by "a court of the United States."  28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

A.  Grandinetti Fails to State a Claim.

Liberally reading the Complaint, the court concludes that Grandinetti is claiming that he was illegally "arrested" and transferred from the Tallahatchie County Correctional Facility to the Saguaro Correctional Center.  Although it may have been his intent to claim that he was injured in some manner during his transport, there are no allegations to this effect in the complaint.  First, as he has been incarcerated since at least

1995,[4] it is clear that Grandinetti was not "arrested," but simply transferred from one private facility to another.  Second, as Grandinetti has no constitutional right to be housed in the facility of his choice, or to avoid a transfer to or from any prison, he fails to state a claim.  *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (holding that Hawaii's prison regulations do not create a constitutionally protected liberty interest).  Grandinetti's claims of illegal transfer thus fail to state a claim and must be dismissed.  This dismissal is without leave to amend.

      Grandinetti also fails to state a claim against any named Defendant.  To state a civil rights claim against an individual defendant, a plaintiff must allege facts showing a defendant's "personal involvement" in the alleged constitutional deprivation or a "causal connection" between a defendant's wrongful conduct and the alleged constitutional deprivation.  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).  A supervisor may be held liable in his or her individual capacity "for [his or her] own culpable action or inaction in the training, supervision or control of [his or her] subordinates."  *Watkins v. City of*

---

[4] *See e.g.*, *Grandinetti v. Honolulu Int'l Airport*, Civ. No. 07-00082 JMS (Doc. No. 1, Comp); *Grandinetti v. Shimoda*, Civ. No. 05-00442 (Doc. No. 1, Comp. at 3 (alleging claims occurring five years ago while Grandinetti was incarcerated in Arizona, and detailing when Grandinetti was transferred from Hawaii)).

*Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)).  A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991)(en banc).  However, an individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement."  *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987).

      Grandinetti fails to show any nexus between the Defendants and his transfer, or any of the other possible violations alleged in the Complaint.  If he is alleging that he was injured during his transfer, which is entirely unclear, he fails to allege any direct or personal involvement by these Defendants.  Similarly, as discussed more fully below, Grandinetti also fails to link any named Defendant with his claims of "imminent injury."  Nor does Grandinetti allege or point to any policy implemented by these Defendants that caused any injury to him.  *See Redman*, 942 F.2d at 1446.  Grandinetti thus fails to state a claim against any Defendant, and this action must be dismissed.  This dismissal is without leave to amend.

B.  Venue Does Not Lie in Hawaii for the Remaining Imminent Danger Claims.

Not only does Grandinetti fail to allege any viable claim against any Defendant in Hawaii, venue for Grandinetti's remaining claims of "imminent injury" does not lie in Hawaii. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (holding that venue may be raised by the court *sua sponte* when the defendant has not yet filed a responsive pleading and the time for doing so has not run).

When, as here, jurisdiction is not founded solely on diversity, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b); *see also Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Flanagon v. Shively*, 783 F. Supp. 922, 935-937 (M.D. Penn. 1992).

Grandinetti has not been incarcerated in Hawaii since at least 1996.  Grandinetti's imminent injury claims admittedly arise from incidents that allegedly occurred either while he was incarcerated in Mississippi or in Arizona.  None of the claims of alleged imminent injury, whether for ongoing injuries or the

denial of medical care for injuries, occurred in Hawaii or was committed by any Hawaii citizen. Grandinetti does not allege, nor can he, that the named Defendants, all DPS supervisors, all located in Hawaii, had anything to do with his present imminent injury claims, either when they occurred in 2005, or now that he says he requires further medical attention for them. He is, after all, not now in Hawaii.

As the court has advised Grandinetti several times in other actions, even if he properly alleges imminent danger of serious physical injury, venue for such a claim would not lie in Hawaii, as he is not incarcerated here. Such claims must necessarily be brought to the court with jurisdiction over the claim and defendants. Only such a court can address and remedy the alleged harm. This court is not in that position for claims alleging violations occurring in Mississippi or Arizona, allegedly perpetrated by unnamed defendants residing in those states.

All of the events or omissions giving rise to Grandinetti's imminent injury claims occurred in either Mississippi or Arizona, not in Hawaii. Moreover, none of the named Defendants is linked to any such claim. Although Grandinetti claims that "Legal venue in the D. Hawaii is contested," presumably arguing that he believes venue is proper

here, he is mistaken. Venue for his imminent injury claims does not lie in this district.

Under 28 U.S.C. § 1406(a), a case filed in the wrong district should be dismissed unless the interests of justice require a transfer. The district court has the discretion to dismiss the case without prejudice in the "interest of justice." *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991). "The statute explicitly contemplates dismissal unless otherwise warranted." *Peckio v. Shay*, 708 F. Supp. 75, 76 (S.D.N.Y. 1989).

Once a court determines that venue is improper, it should examine the merits of the plaintiff's action to decide whether the interests of justice require transfer instead of dismissal. *See, eg., King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992). Transferring a case that would be dismissed does not further the interests of justice. *See Shemonskey v. Office of Thrift Supervision, Dep't of Treasury*, 733 F. Supp. 892, 895 (M.D. Pa. 1990) (suit against federal agency dismissed for failure to exhaust administrative remedies, instead of being transferred for improper venue), *aff'd*, 922 F.2d 833 (3d Cir. 1990); *Safeco Ins. Co. v. Miller*, 591 F. Supp. 590, 597 (D. Md. 1984) (transfer would not serve the "interest of justice" if the case, if transferred, would merely be dismissed in the transferee court); *Froelich v. Petrelli*, 472 F. Supp. 756, 763 (D. Haw. 1979) (not in interest of justice to transfer case to California

because case would simply be dismissed given the statute of limitation).

Turning to Grandinetti's claims of imminent injury, liberally construing and accepting as true Grandinetti's allegations, this court is unpersuaded that this case should be transferred in the interests of justice.  First, Grandinetti states that he promptly presented his "'imminent-injury' claims to Intake/ReD during July 17-19, 2007," when he arrived in Arizona.  He admits that he was examined by medical personnel and that his complaints were noted.  If these injuries were reported to doctors in July, as Grandinetti states, they do not appear to represent claims of "imminent danger of serious physical injury."

Second, Grandinetti specifically alleges that his injuries are "due to [his various prison classification placements], 2004-2007 at Tutwiler, Mississippi."  (*See* Comp. 3.) As he is no longer housed in Mississippi, he is clearly alleging past injuries.  That these alleged injuries occurred in 2005 is further suggested by Grandinetti's decision to separate these claims from the others by parentheses and to refer to 2005 within the parentheses, and by review of his 2005 Complaint, *Grandinetti v. Shimoda, et al.*, Civ. No. 05-00442JMS, in which he discusses these very injuries, alleging that they occurred on November 1, 2005.  *See supra*, n.2.  The remaining, newly alleged claims,

reporting lice, scabies, acne, and pale skin cannot be classified as claims of imminent danger of serious physical injury.

Most importantly, even if the court liberally read these claims to encompass the present time frame, because he claims that these injuries have not been *reexamined* since he arrived in Arizona on July 17, 2007, the interests of justice do not militate in favor of transferring this action to Arizona. Significantly, although Grandinetti claims he has not been reexamined, he does not claim that he has asked for and been refused further medical attention since he arrived in Arizona.

Grandinetti's complaint--that his transfer from Mississippi was illegal--fails to state a claim. Grandinetti also fails to state a claim against the named Defendants, either based on the allegedly illegal transfer, or based on a need for further medical treatment. No claim against any Defendant remains viable in this action. It does not further the interests of justice to transfer an action that names no proper defendant, and that alleges no specific claims, but contains only vague conclusory statements that a plaintiff has injuries, was seen for these injuries, but has not been seen again. These statements simply do not comply with Rule 8 of the Federal Rules of Civil Procedure's requirement of a short plain statement of the claim showing that he is entitled to relief. At best, the transferred complaint would be immediately dismissed by the United States

District Court for the District of Arizona. At worst, that court would struggle as to how to proceed.

Grandinetti has shown that he is quite capable of filing a complaint in the federal court, and more specifically, in the United States District Court for the District of Arizona. He has done so as recently as April 19, 2007. *See Grandinette v. FTC Seg Unit Staff, et al.*, Civ. No. 07-821. He may do so again, filing a new complaint in that court, naming the proper defendants, raising claims of imminent injury, and alleging specific deprivations entitling him to relief. This court, however, will not transfer this action.

C.    The Motion for a Temporary Restraining Order is Denied.

Because (1) Grandinetti fails to state a claim, (2) venue for any claims that he may have for imminent injury do not lie in Hawaii, and (3) Grandinetti has not even specified what action he is seeking to enjoin, his Motion for Temporary Restraining Order is denied.

### IV. CONCLUSION

IT IS HEREBY ORDERED THAT:

1.    Grandinetti's complaint and action are DISMISSED. Specifically, Grandinetti's claim relating to illegal transfer is DISMISSED with prejudice and without leave to amend pursuant to 28 U.S.C. § 1915(g). Grandinetti's imminent injury claims,

insofar as they are alleged against named Defendants, are DISMISSED without prejudice and without leave to amend.

    2.   Grandinetti's motion for temporary restraining order is DENIED.

    3.   The court declines to transfer this action.

    4.   With the exception of a Notice of Appeal to the Ninth Circuit Court of Appeals, Grandinetti will not be allowed to file any further documents in this action. The Clerk is DIRECTED to close the file and NOT TO RETURN further filings to Grandinetti.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii; September 26, 2007.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    United States District Judge

Grandinetti v. Frank, et al., Civ. No. 07-00488 SOM-KSC; ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915 AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; AND TERMINATING ACTION; dmp\3 strikes orders\Grandinetti 07-488