IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS P. GRANDINETTI, | ) | CIV. NO. 07-000488 SOM-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING IN FORMA |
| vs. | ) | PAUPERIS APPLICATIONS AND |
| | ) | DENYING SECOND MOTION FOR |
| CLAYTON A. FRANK, et al., | ) | RECONSIDERATION |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING IN FORMA PAUPERIS APPLICATIONS AND DENYING SECOND MOTION FOR RECONSIDERATION

Before the court is pro se Plaintiff Anthony Grandinetti's[1] second motion for reconsideration, second in forma pauperis application, and notice of appeal with an accompanying in forma pauperis application. For the following reasons, the court denies the in forma pauperis applications, denies the motion for reconsideration, and directs the Clerk to process the notice of appeal forthwith.

### I. PROCEDURAL HISTORY

On September 26, 2007, the court dismissed Plaintiff's prisoner civil rights complaint with prejudice. (*See* Doc. No. 5, "Order Dismissing Complaint Pursuant to 28 U.S.C. § 1915 And Denying Motion for Temporary Restraining Order; And Terminating

---

[1] When he commenced this action, Grandinetti called himself Francis *P*. Grandinetti, although in his return address he wrote "Francis Anthony Grandinetti, II." In the past he has also referred to himself as Francis L. Grandinetti, and Francis A. Grandinetti, III. In the instant in forma pauperis application, he now refers to himself as "Grandlinetti." To avoid confusion, the court will refer to him as "Plaintiff."

Action.")  The court determined that Plaintiff failed to state a claim, that he was barred from proceeding without prepayment of filing fees under 28 U.S.C. § 1915(g), and that, if he was alleging imminent injury, which was uncertain, venue for such a claim did not lie in Hawaii, but either in Arizona, where he is presently incarcerated, or in Mississippi, where some of his injuries may have occurred.  The court declined to transfer the action to either state, finding that the interests of justice would not be served by a transfer.  Plaintiff was not given leave to amend his claims, as he was barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g), and had failed to pay for commencing the action.  Judgment was entered the next day.  (Doc. No. 6.)

Because of Plaintiff's practice of continuing to file documents in his many actions in this court long after those actions were terminated, Plaintiff was informed that, with the exception of a notice of appeal, he would not be allowed to file further documents in this action.  On October 5, 2007, however, Plaintiff filed an incomplete in forma pauperis application, which was docketed as correspondence.  (Doc. No. 7.)

On October 15, 2007, Plaintiff filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).  (Doc. No. 8.)  The court denied the motion on October 17, 2007.  (Doc. No. 9.)  Plaintiff was informed that he was now free to file a notice of

appeal, and the court again directed the Clerk to docket any further documents from Plaintiff, other than a notice of appeal, as correspondence.

On November 13, 2007, however, Plaintiff filed a motion for an extension of time to file a notice of appeal.  (Doc. No. 10).  The court ordered this document to be filed, and granted the motion, giving Plaintiff a thirty-day extension of time to file a notice of appeal.  (Doc. No. 11.)

On November 26, 2007, Plaintiff filed a motion for clarification of the order granting him a thirty-day extension of time to appeal.  (Doc. No. 12.)  Plaintiff also sought the right to a sixty-day time limit to appeal, arguing that Defendants are officers of the United States under Fed. R. App. P. 4(a)(1)(B).

On November 27, 2007, the court clarified that the thirty-day extension of time gave Plaintiff up to and including December 16, 2007, to file his notice of appeal, and rejected his argument that he was entitled to the sixty-day time limit to appeal.  (Doc. No. 13.)

On December 17, 2007, Plaintiff filed a notice of appeal, with an enclosed in forma pauperis application, and by separate mailing, a second in forma pauperis application. Plaintiff signed the notice of appeal on December 10, 2007, and it was apparently mailed on December 13, 2007.

On December 18, 2007, Plaintiff filed a second motion for reconsideration under Fed. R. Civ. P. 60, arguing that newly discovered evidence now warrants transfer of venue of this action to Arizona. The motion for reconsideration was also signed on December 10, 2007, and mailed on December 13, 2007.

## II. DISCUSSION

A. The In Forma Pauperis Applications are Denied.

Plaintiff has filed two in forma pauperis applications, one apparently for this district court case, and one for his appeal. As extensively discussed in the September 26 Order dismissing his complaint, because Plaintiff has filed numerous actions that have been dismissed as frivolous, malicious, or for failure to state a claim,[2] he is barred from proceeding in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). This court determined that Plaintiff was not in imminent danger when he filed this action,

---

[2] *See e.g.*, *Grandinetti v. U.S. Marshals Serv.*, Civ. No. 00-00489 SOM-KSC (D. Haw. Aug. 1, 2001) (§ 1983 case dismissed for failure to state a claim); *Grandinetti v. Bobby Ross Group Inc., et al.*, Civ. No. 96-00117 (E.D. Tex. Mar. 5, 1999) (§ 1983 case dismissed as frivolous and for failure to state a claim); *Grandinetti v. Iranon, et al.*, Civ. No. 96-00101 (E.D. Tex. Jan. 26, 1998) (§ 1983 case dismissed as frivolous and for failure to state a claim); *Grandinetti v. Iranon, et al.*, Civ. No. 96-00118 (E.D. Tex. Jul. 20, 1998) (§ 1983 case dismissed as frivolous); *Grandinetti v. Bauman*, Civ. No. 07-00089 ACK-LEK (D. Haw. Feb. 28, 2007) (noting prior dismissals for frivolousness and dismissing case for failure to state a claim); *Grandinette v. Bush*, Civ. No. 06-2052 (W.D. Ark. Jun. 14, 2006) (same).

and nothing in Plaintiff's recent filings convinces the court to change that assessment.

Moreover, neither of Plaintiff's in forma pauperis applications is complete, as each lacks certification from the prison of the amounts in Plaintiff's prison trust account.  In one of the applications, Plaintiff also states that he has securities valued between $1 and $5 million dollars, although, considering Plaintiff's many other outlandish claims, the court does not take this statement at face value.

Insofar as Plaintiff seeks in forma pauperis for his district court filing fees, the application is DENIED, as moot, as barred by § 1915(g), and as incomplete.

Insofar as Plaintiff seeks in forma pauperis for his appellate action, the application is similarly DENIED, for the same reasons.  *See* Fed. R. App. P. 24(a).

B.   Plaintiff's Motion for Reconsideration is Denied.

Plaintiff argues that there is newly discovered evidence, consisting of a November 9, 2007, letter from Hawaii officials stating that Plaintiff has been transferred to Arizona and that he will not be eligible for return to Hawaii until presumably after his May 2008 parole hearing.  Plaintiff says this letter justifies reconsideration of the decision not to transfer this action to Arizona.  (Pl.'s Ex. 3.)

5

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citation omitted).

Only three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.  *See Mustafa v. Clark County School District*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

Plaintiff's argument for reconsideration of the decision not to transfer this action to Arizona is unpersuasive.  First, Plaintiff has already sought reconsideration of this

decision in his previous motion for reconsideration, and was denied.

Second, Plaintiff's "newly discovered" evidence is not newly discovered. When Plaintiff filed this action he was already in Arizona. His transfer occurred in August 2007. His receipt of a letter in November telling him that he is not eligible to return to Hawaii does not alter the conclusion that the interests of justice do not require transfer of this action to Arizona.

As noted in the September 26 Order, it was unclear if Plaintiff even made claims of imminent injury. Accepting the possibility that he did make such claims, this court could not determine where venue for those claims lay, as he made allegations concerning both Mississipi and Arizona. Plaintiff's sick call request, attached to his first motion for reconsideration, also convinced this court that Plaintiff is not, and was not at the time he filed this action, in imminent danger of serious physical injury. Plaintiff was told, more than three months ago, that, if he was in imminent danger, he could file an action in Arizona. Plaintiff does not explain why, rather than doing so, he has continued to delay this action by filing document after document raising improbable, frivolous, and often incomprehensible arguments.

Plaintiff again provides nothing to convince this court to reconsider its decision dismissing this action and declining to transfer it to either Arizona or Mississippi.  Plaintiff's second motion for reconsideration is DENIED.

### III. CONCLUSION

IT IS HEREBY ORDERED THAT:

1.  Plaintiff's two in forma pauperis applications, one for his district court action and one for his appeal, are DENIED.

2.  Plaintiff's second motion for reconsideration is DENIED.

3.  The Clerk is DIRECTED to process Plaintiff's notice of appeal if it has not already been so processed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 19, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Grandinetti v. Frank, et al., Civ. No. 07-00488 SOM-KSC; ORDER DENYING IN FORMA PAUPERIS APPLICATIONS AND DENYING SECOND MOTION FOR RECONSIDERATION; dmp\recon 2007\Grandinetti 07-488 (R60(b) & IFP)

8